UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

|  |  |
|---|---|
| DAN MARTIN, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| DMD PIZZA LLC; PATALANO PIZZA LLC; DOUGLAS M. DELISLE; ANTHONY PATALANO | ) ) ) ) |
| Defendants | ) |

## COMPLAINT AND JURY DEMAND

### Introduction

1.     This action is brought by a delivery driver employed by Defendants, on behalf of himself and all similarly-situated workers, alleging unlawful retention of service charges (designated by Defendants as "delivery charges"), in violation of M.G.L. c. 149, § 152A; failure to pay the minimum wage in violation of M.G.L. c. 151 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; failure to pay wages in violation of M.G.L. c. 149, § 148; and failure to provide paid sick leave, in violation of M.G.L. c. 149, § 148C. Plaintiff seeks, among other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

## Parties

2.      Plaintiff Dan Martin is an adult resident of Holyoke, Massachusetts. He worked for Defendants as a Domino's delivery driver from in or around February 2017 until in or around January 2019.

3.      Defendant DMD Pizza LLC is a Massachusetts limited liability company. DMD Pizza LLC does business as a Domino's franchisee in Massachusetts.

4.      Defendant Patalano Pizza LLC is a Massachusetts limited liability company. Patalano Pizza LLC does business as a Domino's franchisee in Massachusetts.

5.      Defendant Douglas M. Delisle is an adult resident of Massachusetts. At relevant times, Mr. Delisle served as a manager of both DMD Pizza LLC and Patalano Pizza LLC. On information and belief, Mr. Delisle substantially or exclusively controlled the policies and practices at Massachusetts franchisees operated by both DMD Pizza LLC and Patalano Pizza LLC with respect to the payment of wages, including the policies and practices challenged in this case.

6.      Defendant Anthony Patalano is an adult resident of Massachusetts. At relevant times, Mr. Patalano has served as a manager of both DMD Pizza LLC and Patalano Pizza LLC. On information and belief, Mr. Patalano substantially or exclusively controlled the policies and practices at Massachusetts franchisees operated by both DMD Pizza LLC and Patalano Pizza LLC with respect to the payment of wages, including the policies and practices challenged in this case.

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.      Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

10.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Factual Allegations

11.     Plaintiff worked for Defendants as a delivery driver in Massachusetts. When he delivered pizzas, Plaintiff was paid a "tipped minimum wage" (of $5 per hour) that was below the regular minimum wage, plus tips (but not the delivery charges). As a result, Plaintiff relied heavily on tip income to earn wages.

12.     Defendants did not comply with any of the three requirements under Massachusetts and federal law for paying a tipped minimum wage.

13.     First, on information and belief, Defendants did not provide written notice about the tipped minimum wage to delivery drivers pursuant to M.G.L. c. 151, § 7, paragraph three, or 29 U.S.C. § 203(m).

14.     Second, on numerous occasions, the tipped minimum wage received by Plaintiff and other drivers, when combined with their tips, was less than the regular minimum wage, in further violation of M.G.L. c. 151, § 7 and 29 U.S.C. § 203(m).

15.     The Defendants had a practice of inflating a driver's reported tips in order to create the appearance of compliance with minimum wage requirements. Plaintiff directly observed this alteration of records, and he was directly told by Defendants' managers that they had been instructed to make these alterations as a matter of company policy and practice.

16.     By way of example only, Defendants' payroll records indicate that Plaintiff's effective hourly wage for driving time, when combining the tipped minimum wage ($5 per hour) plus alleged tips, were the following amounts for the following weekly checks:

    a.   03/23/18: $11.63

    b.   03/30/18: $11.54

    c.   04/06/18: $11.52

    d.   04/13/18: $11.61

    e.   04/20/18: $11.55

The consistency of these numbers indicates that Defendants were not reporting actual tips received. They were, instead, calculating how much in "tips" was necessary to reach a specific benchmark (here, $11.50, which was the hourly wage paid for non-tipped work) and then reporting an artificial amount of "tips" instead of the real, lower amount.

17.     The Defendants' scheme is further demonstrated by what happened in early 2019, when the regular minimum wage increased from $11.00 per hour to $12.00 per hour. According to Defendants' payroll records, Plaintiff's effectively hourly wages for driving time, when combining his tipped minimum wage (still $5 per hour) plus alleged tips, were as follows:

a.  1/4/19: $11.23 (for final period when minimum wage was $11.00)

b.  1/11/19: $11.95 (for first period when minimum wage was $12.00)

c.  1/18/19: $11.80

According to these records, Plaintiff's tips coincidentally surged right after the new

minimum wage went into effect, bringing his effective wage higher than it previously had

been.

18.     Third, Plaintiff and other drivers were not permitted to retain all of their

tips, in further violation of M.G.L. c. 151, § 7 and 29 U.S.C. § 203(m).

19.     Defendants impose a "delivery charge" on customers when a driver makes

a delivery. The delivery charge is within the range of what an objectively reasonable

customer pays as a tip to a delivery driver, and an objectively reasonable customer would

expect the delivery charge to be paid to the driver. On information and belief, Defendants

retain all of the "delivery charge" rather than paying it to the driver.

20.     The method used by Defendants to purportedly inform customers that

drivers do not receive the "delivery charge" fails to satisfy the notification requirements

of M.G.L. c. 149, § 152A(d).

21.     As a result of Defendants' policies and practices, Defendants'

Massachusetts delivery drivers do not receive all tips and service charges, as defined

under M.G.L. c. 149, § 152A.

22.     Defendants failed to comply with the paid sick leave requirements of the

Earned Sick Time Law, M.G.L. c. 149, § 148C. On multiple occasions, Plaintiff was

absent from work for one or more of the reasons listed in M.G.L. c. 149, § 148C(c), but

Defendants failed and refused to comply with the statutory requirements for paying him

earned sick time. Indeed, Defendants never paid Plaintiff any earned sick time. On information and belief, Defendants did not have a policy or practice of complying with the Earned Sick Time Law, resulting in lost wages to Plaintiff and all others similarly situated.

23.     On information and belief, customer orders are handled and recorded by a system proprietary to Domino's franchisees, which is called PULSE and is installed in Defendants' stores. On information and belief, this system records details about each order, including the date and time of the order, the amount of the order, the driver who made the delivery, the amount of any delivery charge, and the amounts of any credit card tips.

24.     As of January 1, 2015, the regular minimum wage under Massachusetts law increased from $8.00 per hour to $9.00 per hour. As of January 1, 2016, the regular minimum wage under Massachusetts law increased to $10.00 per hour. As of January 1, 2017, the regular minimum wage under Massachusetts law increased to $11.00 per hour. As of January 1, 2019, the regular minimum wage under Massachusetts law increased to $12.00 per hour.

25.     Plaintiff has consented to bring and participate in this action pursuant to 29 U.S.C. § 216(b). A copy of his written consent is attached as Exhibit A.

26.     Plaintiff also has filed a complaint with the Massachusetts Attorney General's Office and received permission to pursue a private right of action.

**Allegations as to Class**

27.     Plaintiff seeks to certify a class that includes all individuals who worked for the Defendants as delivery drivers during the relevant limitations period, or such sub-classes as the Court deems appropriate.

28.     On information and belief, there are more than 50 individuals in the class.

29.     Given that the pay practices described above were followed by the Defendants on a company-wide and consistent basis, there are questions of fact and law common to all members of each class.

30.     Plaintiff's claims are typical of the claims of individuals in the class.

31.     Plaintiff and his counsel will fairly and adequately represent the interests of the class. Plaintiff has no known conflicts of interest with other class members. The attorneys representing Plaintiff have litigated and successfully resolved numerous class action cases involving employment claims.

32.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The common questions include, among other things, whether the delivery charge is a service charge, whether Defendants' disclosures were inadequate, whether tipped workers were entitled to the regular minimum wage for inside work, and whether the Defendants' notices about the tipped minimum wage were sufficient under Massachusetts or federal law. Although the amount of each class member's damages may vary depending on their periods of employment, those damages are readily ascertainable from Defendants' records. As a result, common issues of liability predominate over individualized issues of damages.

33.     A class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient duplication of discovery, briefing of legal issues, and court proceedings.

## COUNT I
### (FAILURE TO PAY SERVICE CHARGES – MASSACHUSETTS LAW)

As set forth above, Defendants' retention of service charges (or "delivery charges," as designated by Defendants) paid by customers violates M.G.L. c. 149, § 152A. As a result, Defendants are liable to Plaintiff and similarly situated drivers for the amounts retained as service charges. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II
### (FAILURE TO PAY MINIMUM WAGE – MASSACHUSETTS LAW)

As set forth above, Defendants' failure to provide the required notice, failure to pay at least the regular minimum wage, and failure pay all delivery charges to drivers precluded Defendants from paying a "tipped minimum wage" below the regular minimum wage. As a result, Defendants are liable for the difference between the "tipped minimum wage" paid to Plaintiff and other drivers and the full minimum wage, pursuant to M.G.L. c. 151, §§ 1 and 7. This is claim is brought pursuant to M.G.L. c. 151, § 20.

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – FLSA)

As set forth above, Defendants' failed to comply with the requirements for paying a "tipped minimum wage" below the federal minimum wage. As a result, Defendants are liable for the difference between the regular minimum wage and the "tipped minimum

wage" paid to Plaintiff and all others similarly situated. This claim is brought pursuant to

29 U.S.C. § 216.

## COUNT IV
### (FAILURE TO COMPLY WITH EARNED SICK TIME LAW – MASSACHUSETTS LAW)

As set forth above, Defendants violated M.G.L. c. 149, § 148C, by failing to

provide paid sick time as required by the statute. As a result, Defendants are liable to

Plaintiff and other drivers for all unpaid sick time. This is claim is brought pursuant to

M.G.L. c. 149, § 150.

## COUNT V
### (FAILURE TO PAY WAGES – MASSACHUSETTS LAW)

As set forth above, Defendants violated M.G.L. c. 149, § 148, by failing to pay on

a timely basis all wages due to Plaintiff and all others similarly situated, including all

required wages. As a result, Defendants are liable to Plaintiff and other drivers for all

such unpaid wages. This is claim is brought pursuant to M.G.L. c. 149, § 150.

WHEREFORE, Plaintiff request that this Court enter the following relief:

1.    Certification of a class that includes all individuals who worked for the Defendants as delivery drivers during the relevant limitations period, or such sub-classes as the Court deems appropriate, pursuant to M.G.L. c. 149, § 150; M.G.L. c. 151, § 20; or Fed. R. Civ. P. 23;

2.    With respect to the FLSA claims, an order conditionally certifying classes of similarly-situated individuals and permitting the issuance of notice informing affected employees of their right to opt in to this action;

3.    With respect to the FLSA claims, a finding that Defendants' violations were willful and knowing, and therefore subject to a three-year statute of limitations;

4.    An award of damages for all wages and other losses to which Plaintiff and all class members are entitled, including mandatory treble damages under Massachusetts law and liquidated damages under the FLSA;

5.      Attorneys' fees, costs, and interest; and

6.      Any other relief to which Plaintiff and all class members may be entitled.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

DAN MARTIN, on behalf of himself and all others similarly situated,

By his attorneys,

/s/ Stephen Churchill
Stephen S. Churchill (BBO#564158)
Brant Casavant (BBO#672614)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-6230
steve@fairworklaw.com
brant@fairworklaw.com

Dated: April 10, 2019